UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UCP INTERNATIONAL COMPANY LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BALSAM BRANDS INC., et al.,<br><br>Defendants. | Case No. 16-cv-07255-WHO<br><br>**ORDER REGARDING IMPORTATION OF CLAIM CONSTRUCTION MATERIALS**<br><br>Re: Dkt. No. 66 |

At the case management conference on April 19, 2017, I discussed with the parties how this case will proceed and UCP International Company Limited's ("UCP")'s plan to file an early summary judgment motion for non-infringement. CMC Tr. at 7:10-12; 10:3-11 (Dkt. No. 58). The parties and I agreed that in order to tee up UCP's summary judgment motion, I would need to enter a claim construction order in this case. Further, because I completed a full claim construction in the *Frontgate* matter, we agreed it would make sense to import the claim construction order from that case, as well as any other documents the parties believed were necessary, instead of repeating the entire claim construction process. *Id.* 10:12-16; 5:6-24. I instructed the parties to meet and confer and stipulate how they would import any necessary documents from the *Frontgate* matter and which documents they would import.

The parties have not been able to reach an agreement on how or which documents they will import from the *Frontgate* matter. *See* Dkt. No. 66. UCP refuses to stipulate to importing any documents from *Frontgate* with the exception of the claim-construction order because it believes that collateral estoppel applies and that "[t]he docket in this case should track the reality of these proceedings." Dkt. No. 66 at 3.

UCP's insistence on keeping *Frontgate* documents out of this case is misplaced. If, as

UCP insists, collateral estoppel requires that I adopt my prior claim-construction order, then I will be able to reach this determination even if there are other documents from the *Frontgate* matter that have been produced in this case. A stipulation to import documents is not a concession that those documents are relevant to resolving the issues in this case. The purpose of importing documents is to streamline the litigation in this matter and avoid duplicative work on the part of the parties and the court. My hope in directing the parties to reach a stipulation was that they would (1) identify the documents that either side believes are relevant; and (2) reach an agreement on how documents could be imported in this case in a way that would comply with the parties' protective order in the *Frontgate* case and in this one.

The parties are once again ordered to meet and confer and prepare a stipulation regarding a *procedure* for importing documents from the *Frontgate* case that addresses any potential issues regarding confidentiality and the parties' protective orders. Each party may separately list the *Frontgate* documents they deem relevant to the case. These documents will be imported in line with the parties' stipulated procedure once they have reached an agreement.

**IT IS SO ORDERED.**

Dated: June 16, 2017

William H. Orrick
United States District Judge