IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UCP INTERNATIONAL COMPANY LIMITED and GLOBAL UNITED ENTERPRISES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BALSAM BRANDS INC., *et al.*,<br><br>Defendants. | No. C 16-07255 WHA<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION AND (2) SHORTENING TIME TO HEAR PLAINTIFFS' MOTION TO DISQUALIFY** |

This patent action for declaratory judgment of non-infringement has a long history. In relevant part, on June 16, then-presiding Judge William Orrick ordered the parties to meet and confer and agree on a stipulated procedure for importing his claim-construction order and documents relevant thereto from a related prior action. That importation order did not set a deadline for the parties to comply (*see* Dkt. No. 67). Judge Orrick had previously indicated, however, that any lingering claim construction disputes should be resolved on summary judgment (*see* Dkt. No. 58 at 8:14–8:25).

On June 22, the patent owners brought in Judge Orrick's former law firm as additional counsel (*see* Dkt. No. 68). On June 26, plaintiffs moved for summary judgment of non-infringement (Dkt. No. 69). On June 28, Judge Orrick recused himself. This action was then reassigned to Judge Edward Chen, who also recused himself on June 29 for the same reason (*i.e.*, same former law firm). The same day, the patent owners filed an administrative motion essentially arguing that (1) the reassignment of this action had somehow nullified Judge

Orrick's decision to rely on his own prior claim-construction order, and (2) claim construction should be settled in advance of any briefing on plaintiffs' motion for summary judgment (*see* Dkt. No. 73). The next day, on June 30, this action was reassigned to the undersigned judge.

Having considered both the patent owners' administrative motion and plaintiffs' opposition thereto (Dkt. No. 77), as well as both sides' separately-proposed importation procedures, the Court **ORDERS** as follows:

1. The case management conference is advanced from August 10 to **JULY 13 AT 11:00 A.M.** No case management statement is required. Prior to the case management conference, however, counsel for both sides shall agree upon and file a *stipulated* importation procedure that fully complies with Judge Orrick's June 16 importation order.

2. Any and all arguments about claim construction — including arguments urging departure from Judge Orrick's prior claim-construction order — should be included in briefing on plaintiffs' motion for summary judgment. The deadline for the patent owners to respond to that motion is continued from July 10 to **JULY 17**. The deadline for plaintiffs to reply is continued from July 17 to **JULY 28**. A motion hearing is set for **AUGUST 17 AT 8:00 A.M.**

3. Plaintiffs' motion to disqualify Attorney Jonathan Bass (Dkt. No. 79) shall be heard on **JULY 13 AT 11:00 A.M.** The deadline for the patent owners to respond is advanced from July 19 to **JULY 10 AT NOON**. The deadline for any reply is advanced from July 26 to **JULY 11 AT 5:00 P.M.** Both sides shall reserve **JULY 19 AT 8:00 A.M.** for an evidentiary hearing, if needed, to get to the bottom of fact issues raised by Attorney Bass's late appearance in this case. If an evidentiary hearing is held, then all counsel and representatives for the patent owners must attend and may be placed under oath and examined.

4. Except as stated above, the patent owners' administrative motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 6, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE