# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UCP INTERNATIONAL COMPANY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BALSAM BRANDS INC., et al., <br><br> Defendants. | Case No. 16-cv-07255-WHO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES** <br><br> Re: Dkt. Nos. 128, 135, 137, 144 |

## INTRODUCTION

Plaintiffs UCP International Company and Global United Enterprises Limited (collectively, "UCP") brought this declaratory action against Balsam Brands Inc., Balsam International Limited, and Balsam International Unlimited Company (collectively, "Balsam"), seeking a declaration of non-infringement for U.S. Patent Nos. 8,062,718 B2 ("the '718 Patent") and 8,993,077 B2 ("the '077 Patent") (collectively, "Balsam patents"). These patents relate to invertible artificial Christmas trees and the way in which they are deployed. Having won on summary judgment, UCP moves for an award of attorney and expert fees under three sources of authority: (1) 35 U.S.C. section 285, the fee-shifting provision of the Patent Act; (2) 28 U.S.C. section 1927, which is aimed at improper litigation conduct; and (3) my inherent authority to sanction. UCP seeks reimbursement for attorney and expert fees incurred in both this case and a previous related lawsuit, *Balsam Brands Inc. et al v. Cinmar, LLC et al.*, 3-15-cv-04829-WHO (N.D. Cal.) ("*Frontgate*"). In *Frontgate*, UCP defended its customer (as required by an indemnification agreement) from patent infringement claims brought by Balsam.

UCP argues that, as the "prevailing party" in this action, it is entitled to recover attorney fees in both actions under Section 285 because Balsam's litigation positions and conduct in both

cases were "exceptional." UCP admits that its expert fees were incurred in *Frontgate* but contends that I may award those fees under both Section 1927 and my inherent power to sanction in light of Balsam's bad faith litigation positions and conduct. I conclude, first, that there is no basis to award either the attorney fees or the expert fees that UCP incurred in *Frontgate*. As for attorney fees incurred in this matter, Balsam's litigation positions and conduct – other than its conduct resulting in my recusal – were not exceptional and do not justify fees. UCP is entitled to the discrete portion of attorney fees it incurred with respect to the proceedings before the Hon. William H. Alsup that resulted in this case being reassigned back to me.

## BACKGROUND

### I. *FRONTGATE* LITIGATION

On October 20, 2015, Balsam filed a patent infringement lawsuit against UCP's customer (Frontgate), alleging that Frontgate was advertising and selling an invertible artificial Christmas tree (the "Inversion Tree") that infringed the Balsam patents. *Frontgate* Dkt. No. 1. As the manufacturer of the Inversion Tree, UCP defended its customer under an indemnity agreement. *See* UCP's Motion to Disqualify at 3 (Dkt. No. 79) ("Frontgate demanded UCP defend and indemnify them from Balsam's assertions of infringement, and UCP incurred substantial legal fees in defending the case.").

Balsam initially sought a temporary restraining order, arguing that the Inversion Tree functions identically to a product sold by Balsam (the Flip Tree), and directly infringed the Balsam patents. I denied Balsam's request for a TRO, finding that it failed to establish standing to bring the patent infringement claims and that Frontgate had established a substantial question concerning noninfringement. Order Denying Request for Temporary Restraining Order (*Frontgate* Dkt. No. 42).[1] Following the denial of the TRO, I construed seven claim terms whose meanings were in dispute. *Id.* Following claim construction, the parties stipulated to dismissal; *Frontgate* was dismissed with prejudice. *Frontgate* Dkt. Nos. 154, 155.

---

[1] Balsam's non-patent-infringement causes of action – for false marking, false advertising under the Lanham Act, and violations of California's Unfair Competition Law and False Advertising law – could not support the TRO because Balsam submitted no evidence establishing a likelihood of irreparable harm flowing from those claims. *Id*. at 15-19.

2

## II. THE INSTANT ACTION

### A. Initial Proceedings

UCP initiated this lawsuit seeking a declaration of non-infringement of the Balsam patents on the same day that the Judgment was entered in *Frontgate*. Dkt. No. 1. Balsam subsequently moved to dismiss for lack of jurisdiction, arguing that because "UCP [did] not allege Balsam threatened it, sued it, wrote it a cease-and-desist letter, or otherwise took any direct step toward it," UCP did not have standing to bring this action. Motion to Dismiss at 1 (Dkt. No. 22). I rejected this argument, finding that "while Balsam settled its claims against Frontgate, it did not resolve the underlying legal issue: were the Inversion Trees Frontgate was selling, and that UCP manufactures and sells, infringing Balsam's patents." Order Denying Motion to Dismiss at 8 (Dkt. No. 60). I concluded that where a patent-holder refuses to sue, a potential infringer is entitled to resolve the legal issue by seeking a declaratory judgment. *Id.* Accordingly, I denied Balsam's motion to dismiss.

Following that denial, questions remained regarding whether and how documents from *Frontgate* would be imported into this lawsuit's docket. *See* Order Regarding Importation of Claim Construction Materials (Dkt. No. 67). At the April 19, 2017, case management conference, I discussed with the parties how this case would proceed and UCP's plan to file an early summary judgment motion for non-infringement. CMC Tr. at 7:10-12; 10:3-11 (Dkt. No. 58). The parties and I agreed that in order to tee up UCP's summary judgment motion, I would need to enter a claim construction order. Because I completed claim construction in *Frontgate*, I determined after discussion that it would make sense to import the *Frontgate* Claim Construction Order, as well as any other related documents the parties believed were necessary, instead of repeating the entire claim construction process. *Id.* at 10:12-16; 5:6-24. I instructed the parties to meet and confer and to stipulate to a procedure for importation, identifying documents that would be imported. After further input from me, the parties stipulated to the procedure; relevant documents from *Frontgate* were subsequently imported into this case's docket. *See* Dkt. Nos. 92, 104, 107, 108.

### B. Recusal

On June 22, 2017, Balsam added Jonathan Bass and his firm, Coblentz Patch Duffy &

3

Bass LLP as counsel. Notice of Appearance (Dkt. No. 68). I previously practiced law at Coblentz for over 25 years, and Mr. Bass is my friend and former law partner. Given that relationship, I immediately recused myself, requesting reassignment of the case to another judge. Dkt. No. 70.

The case was reassigned to Judge Alsup. Dkt. No. 74. Balsam filed an administrative motion to stay briefing on UCP's motion for summary judgment, arguing that reassignment of the case meant that it was unclear whether the same claim constructions relied upon in UCP's motion remained relevant. Dkt. No. 73. It argued that if Judge Alsup ruled that collateral estoppel did not apply to the instant case, a new claim construction order would need to be entered, which could result in different constructions of the disputed terms. *Id.* at 3-4. This would mean that the constructions forming the basis for UCP's then-pending motion for summary judgment would be moot.

Believing that Balsam had added my former partner as counsel as a litigation tactic to secure my recusal and get a second shot at claim construction, UCP moved to disqualify him and the firm. Dkt. No. 105. Because the Ninth Circuit had yet to determine whether an attorney should be disqualified where his or her appearance results or will result in a judge's recusal, Judge Alsup applied the objective test that the Eleventh Circuit articulated in *In re BellSouth Corp.*, 334 F.3d 941, 962–65 (11th Cir. 2003), and *Robinson v. Boeing Co.*, 79 F.3d 1053, 1054–56 (11th Cir. 1996). The Eleventh Circuit identified the following objective factors to consider and balance in the disqualification analysis: (1) the potential for manipulation or impropriety, (2) the judicial time invested, (3) the court's docket, (4) the delay in reaching decision, (5) the injury to the other party, (6) the fundamental right to counsel, and (7) the expense to the party that retained counsel. *Robinson*, 79 F.3d at 1055; *BellSouth*, 334 F.3d at 962–66. These factors are not exclusive, nor are they all necessary; their weight varies with the circumstances. *BellSouth*, 334 F.3d at 962. Where the objective factors weigh in favor of disqualification, a party resisting such disqualification must show an overriding need for its choice of counsel. *See Robinson*, 79 F.3d at 1054–56.

Judge Alsup granted UCP's motion. He found that "the [] objective factors here — including the potential appearance of manipulation of the judicial process, [my] substantial prior

4

investment of time and resources, and the likelihood of a new judge unnecessarily duplicating [] efforts — all outweigh any interest Balsam ha[d] in retaining the Coblentz firm . . . given the absence of any overriding need for its presence." Order Granting Motion to Disqualify Newly-Added Counsel at 7 (Dkt. No. 105). He noted that my "recusal was a predictable consequence of Attorney Bass's appearance herein. . . . Any objective member of the bar or the public would have expected" me to recuse myself, and "[T]he appearance of mischief is [] inherent [in this action]." *Id.* at 7. Subsequently, Judge Alsup issued a *sua sponte* Order for me to consider whether this case should be related back to *Frontgate* and resume before me. Dkt. No. 106. I concluded that, in light of the disqualification, this case should be related back to the earlier filed case and be reassigned to me. Dkt. No. 110.

### C. Proceedings After Reassignment

After the case was reassigned, UCP filed for summary judgment. In opposing, Balsam relied solely on its expert, Dr. McCarthy, who asserted that the Inversion Tree contains all critical limitations of the Balsam patents and literally infringed the Balsam patents. McCarthy Decl. ¶¶ 70–96. I concluded that, although McCarthy purported to apply the *Frontgate* Claim Construction Order in his analysis, his application was inconsistent with the *Frontgate* Order's plain language and meaning. Order Granting Summary Judgment at 7. Applying constructions from the *Frontgate* Order, I granted UCP's motion for summary judgment in its entirety. I entered Judgment on November 3, 2017. Dkt. No. 119.

On November 30, 2017, UCP filed a motion seeking fees under three sources of authority: (1) the fee-shifting provision of the Patent Act, 35 U.S.C. section 285; (2) 28 U.S.C. section 1927, which is aimed at improper litigation conduct, and (3) my inherent authority to sanction. Pursuant to Civil Local Rule 7-1(b), I found this matter suitable for decision without hearing and vacated the hearing set for January 3, 2018.

## LEGAL STANDARD

### I. ATTORNEY FEES UNDER 35 U.S.C. § 285

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A case is exceptional when it "stands out from others

5

with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Relevant factors in assessing whether a case is exceptional include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n.6. Most courts awarding attorneys' fees post-*Octane* "have generally cited egregious behavior." *Aylus Networks, Inc. v. Apple, Inc.*, No. 13-cv-4700-EMC, 2016 WL 1243454, at *7 (N.D. Cal. Mar. 30, 2016).

## II. FEES AND COSTS UNDER 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[S]ection 1927 sanctions 'must be supported by a finding of subjective bad faith.'... 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989) and *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)); s*ee also, Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (a finding of subjective bad faith required for sanctions under § 1927, which could be met with a showing of: (i) a reckless and frivolous argument; or (ii) a meritorious claim made with the purpose of harassing the opponent).

## III. FEES AND COSTS UNDER THE COURT'S INHERENT AUTHORITY

A court may impose sanctions under its inherent power based on a finding of "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with

an additional factor such as frivolousness, harassment, or an improper purpose." *Id*. The bad-faith requirement sets a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), which may be met by willful misconduct, or recklessness that is coupled with an improper purpose. *Fink*, 239 F.3d at 993-94. It is the moving party's burden to demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose. *See Burnett v. Conseco, Inc*., 87 F. Supp. 3d 1238, 1249 (N.D. Cal. 2015).

**DISCUSSION**

UCP seeks to recover two types of fees: (1) the attorney fees from both this case and Frontgate under Section 285[2] and (2) expert fees incurred in *Frontgate* under Section 1927 or under my inherent authority to sanction.[3] Balsam opposes on several grounds. As an initial matter, Balsam argues that UCP cannot receive reimbursement for any fees incurred in *Frontgate*. It further contends that even if UCP can establish that it is entitled to the fees incurred in *Frontgate*, UCP's request is untimely[4] and Balsam has not engaged in any sanctionable conduct throughout the course of litigation. And regarding the attorney fees incurred in the instant action, Balsam claims that this case is not exceptional under Section 285.

**I.  WHETHER UCP CAN RECOVER ATTORNEY AND EXPERT FEES INCURRED IN *FRONTGATE***

Balsam argues that UCP is not entitled to fees incurred in *Frontgate* because the scope of my authority to award attorney or expert fees or sanctions does not extend to a separate lawsuit. In Balsam's view, because UCP was not a party in *Frontgate*, it cannot recover attorney fees under

---

[2] UCP seeks recovery of approximately $900,000 in attorney fees. Declaration of Patricia L. Peden (Dkt. No. 128) ¶ 5. In reaching that total, UCP deducted any fees incurred in *Frontgate* related to the litigation of non-patent claims. *Id*. ¶ 14.

[3] UCP seeks recovery of approximately $79,000 in expert fees. Peden Decl., Ex. B (Dkt. No. 128-3), ECF pg. 18. All expert fees sought were incurred as of December 2016 and, therefore, were apparently incurred in connection with *Frontgate* as this matter was not filed under December 20, 2016.

[4] UCP filed a motion seeking leave to file its motion for attorney fees one day late. Dkt. No. 135. Balsam did not oppose this motion. Dkt. No. 136. Because UCP demonstrated good cause, I GRANT its motion and reject Balsam's argument that the fee request under Section 285 is untimely.

Section 285 for that action. Further, Balsam claims that UCP's request for expert fees from *Frontgate* is outside the scope of Section 1927 and my inherent authority.[5]

### A.  UCP Cannot Recover Attorney Fees Under Section 285

The purpose of Section 285 is to "compensate the prevailing party for its monetary outlay in the prosecution or defense of the suit." *Central Soya Co. v. Geo A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). UCP contends that it is entitled to attorney fees it paid on behalf of its customer (Frontgate) under their indemnity agreement incurred in *Frontgate* because (1) *Frontgate* is related to the instant action and (2) absent the work conducted in *Frontgate*, the parties in this case would have incurred the same fees for the same work.[6]

UCP argues that because the Federal Circuit "interpret[s] attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services *related to* the suit," *Central Soya Co.*, 723 F.2d at 1578 (emphasis added), and the instant case concerns the same patents as *Frontgate*, it is entitled to the fees incurred during *Frontgate*. But its argument ignores the purpose of Section 285, which is to compensate "for [] monetary outlay *in the prosecution or defense of the suit*." *Id.* (emphasis added).

UCP points to a number of cases that purportedly support its argument that it can recover attorney fees from the Frontgate matter. *See, e.g.*, *Monolithic Power Sys. Inc., v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1364, 1369 (Fed. Cir. 2013); *PPG Indus., Inc., v. Celanese Polymer Specialties, Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988); *Deep Sky Software, Inc. v. Sw. Airlines Co.*, No. 10-cv-1234-CAB (KSC), 2015 WL 10844231, at *2 (S.D. Cal. Aug. 19, 2015). Its reliance on these cases is misplaced.

For example, in *Monolithic Power*, the Ninth Circuit considered whether the district court's award of attorney fees for discovery conducted in a separate but parallel proceeding

---

[5] Balsam also argues that UCP's motion is precluded by the *Frontgate* settlement and the request for expert fees from *Frontgate* under Section 1927 and my inherent authority is untimely, having been filed over a year after entry of judgement in that case. Because I find that my authority to award attorney fees and sanctions does not extend to the *Frontgate* matter, I do not address these arguments.

[6] The same counsel represented Frontgate and UCP with respect to the patent claims in *Frontgate* and the claims here.

8

constituted an abuse of discretion. 726 F.3d at 1364. There, the plaintiff and defendant were embroiled in patent litigation in district court. At the same time, the same parties were before the International Trade Commission (ITC) because defendant had filed an infringement complaint against plaintiff and others at the ITC. The district court denied defendant's request to stay the litigation in light of the ITC proceedings, but in order to avoid waste and duplication, ordered that discovery from the concurrent ITC proceeding would be used in the district court proceeding. *Id*. at 1363. The parties agreed. *Id*. In light of district court rulings in plaintiff's favor, defendant dismissed the patent suit. Plaintiff then sought fees for both the district court litigation and for the discovery conducted in the ITC proceedings, arguing that under Section 285 defendant's litigation conduct was exceptional. *Id*. at 1364.

The district court awarded plaintiff fees from that case and for the ITC discovery based on detailed findings of "rampant misconduct" in that case (and a history of prior misconduct). The Federal Circuit affirmed. With respect to the ITC discovery fees, the court concluded "[u]nder the unique circumstances, the district court's award of ITC-related expenses is also not an abuse of discretion, especially in view of the discovery's application in the district court and the parties' agreement to its dual use." *Id*. at 1369.

The instant case is distinguishable from *Monolithic Power*. First, UCP was not a party in *Frontgate* and never sought to intervene in it, which means that it cannot be the "prevailing party" as required for the award of attorney fees under Section 285.

Second, as with the other cases on which UCP relies, the courts allowed attorney fees under Section 285 in the context of separate, but parallel, proceedings. *See, e.g., PPG Industries, Inc. v. Celanese Polymer Specialties Co., Inc*., 840 F.2d 1565, 1568 (Fed. Cir. 1988) (awarding fees incurred in parallel, concurrent PTO proceedings that were essentially a substitute for district court proceeding, concluding "The parties and the district court clearly intended to replace the district court litigation with the reissue proceedings."); *Deep Sky Software, Inc. v. Sw. Airlines Co*., No. 10-cv-1234-CAB (KSC), 2015 WL 10844231, at *2 (S.D. Cal. Aug. 19, 2015) (granting attorney fees incurred in PTO reexamination proceedings while the district court action was stayed); *see also T&M Inventions, LLC v. Acuity Brands Lighting, Inc*., 14-CV-947, 2016 WL

8290851, at *3 (E.D. Wis. Sept. 21, 2016) ("The court does not have the authority to award fees in a previous case under the [Patent Act]."). *Frontgate* was not litigated concurrently with this matter.

Third, while I did order that materials from *Frontgate* be imported into this matter, *Frontgate* was not a "substitute" for this subsequent litigation. The importation of those materials saved the parties time and expense in this action; that does not mean that UCP can recover the fees it paid to litigate on behalf of Frontgate in the prior action.

UCP provides no basis on the facts of this case to support an award under Section 285 for fees incurred in *Frontgate*, which concluded before this case was filed and where UCP was not a party.

### B. UCP Cannot Recover Expert Fees Incurred in Frontgate Under Section 1927 or My Inherent Authority.

UCP also seeks to recover expert fees incurred in *Frontgate* as sanctions under Section 1927 or under my inherent authority. UCP's problem, as explained below, is that it fails to cite any authority where fees incurred in a prior, closed case to which it was not a party are recoverable through a subsequent action.

#### 1. Section 1927

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. UCP fails to point to any authority that extends the scope of Section 1927 to a separate and closed case. Under Section 1927, a party's conduct is sanctionable only to the extent that it multiplies proceedings in *that* case. *See, e.g., Klein v. Weidner*, CV 08-3798, 2017 WL 2834260, at *4 (E.D. Pa. June 30, 2017) (collecting cases confirming that "Section 1927 'limits the court's sanction power to attorney's actions which multiply the proceedings in the case before the court' from which sanctions are sought." (Citation omitted)). UCP cannot seek expert fees incurred in another case as sanctions under Section 1927 through this case.

### 2. Inherent Power of the Court

A district court has inherent authority "to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). Use of this inherent authority is reserved for cases where the district court makes a "finding of fraud or bad faith whereby the 'very temple of justice has been defiled.'" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). UCP has not cited any authority that expands this authority to award sanctions for conduct that took place in another case, prior to the initiation of the action in which sanctions are sought, and to which the entity seeking the award was not a party. Accordingly, I do not exercise my inherent power to sanction to award UCP expert fees incurred in *Frontgate*.

## II. WHETHER BALSAM'S CONDUCT IN THIS ACTION WAS EXCEPTIONAL UNDER SECTION 285

### A. Balsam's Litigation Positions

In UCP's view, once it filed this declaratory action Balsam's only reasonable response was to enter into a covenant not to sue rather than defend this action through to summary judgment. It further contends that the following litigation positions were made in bad faith, without objective merit, and are otherwise "exceptional" under Section 285: (i) Balsam's motion to dismiss this declaratory relief action, which was wholly meritless; (ii) Balsam's unsuccessful attempts to argue that the Frontgate Claim Construction Order should not apply here; and (iii) Balsam's new infringement theories on summary judgment, which were strained and illogical.

I do not agree that Balsam was obligated to roll over and play dead in this lawsuit. While Balsam's arguments were unsuccessful, they were not exceptional. For example, while Balsam continued to rely through summary judgment on the expert opinions of McCarthy, whose opinions I mostly rejected (some I found were inconsistent with the *Frontgate* Claim Construction Order), that reliance was not in bad faith or objectively unreasonable. McCarthy has over forty years of experience in mechanical engineering as well as a Ph.D. from MIT. Frontgate Dkt. Nos. 85, 87, & 87-1. His expert report was supported by a number of exhibits and videos that arguably supported his conclusions. I rejected them in favor of UCP's arguments, but they were not so baseless to

11

warrant a finding of exceptionality. Balsam's litigation positions were not so meritless or objectively unreasonable to justify a finding of exceptionality under Section 285.

### B. Manner in Which Balsam Litigated

More persuasive and ultimately successful is UCP's argument that Balsam hired my old firm and former partner to prompt my recusal and avoid my findings and conclusion that the *Frontgate* Claim Construction Order would apply in this case. That was exceptional conduct warranting a limited award of fees. Balsam had several lawyers (including patent-specialist counsel) before adding my friend and old firm once it was clear that I intended to apply the adverse-to-Balsam *Frontgate* claim constructions. Considering the objective factors discussed by Judge Alsup, I conclude that Balsam acted in an unreasonable manner, approaching if not constituting bad faith. This finding is supported by Balsam's pitch to Judge Alsup to stay the summary judgment briefing and to newly consider claim construction immediately upon my recusal. This whole maneuver unduly multiplied proceedings at the expense of UCP and was exceptional under Section 285.

Balsam argues that because UCP has not proved any subjective unethical or unprofessional conduct on its or its counsels' part, this conduct is not exceptional. Oppo. at 9 (Dkt. No. 131-4) (citing *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011) (unreasonable litigation conduct such as makes a case exceptional "generally requires proof of unethical or unprofessional conduct by a party or his attorneys")). This argument was rejected in *Octane Fitness*, at 1756-57 ("[S]anctionable conduct is not the appropriate benchmark. Under the standard announced today, a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so "exceptional" as to justify an award of fees"). Its actions resulting in my recusal may not have been sanctionable, but they were exceptional. It occurred nearly two years after the commencement of *Frontgate* and days after I noted my intention to use the *Frontgate* Claim Construction Order. As noted by Judge Alsup, Balsam's actions give the appearance of impropriety and mischief.

Under the totality of the circumstances test articulated in *Octane Fitness*, I conclude that

12

this case is "exceptional" only for Balsam's conduct resulting in my temporary recusal. 134 S. Ct. at 1756 n.6 ("district courts could consider a "nonexclusive" list of "factors," including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."). Balsam is required to reimburse the attorney fees that UCP incurred litigating its motion to disqualify. Otherwise, UCP's motion is denied. It brought this action. Balsam did not assert any counterclaims and its defense was not objectively unreasonable or frivolous.

### C. Reasonableness of UCP's Fees

UCP submitted evidence of the fees incurred in this action and in *Frontgate*. As discussed above, UCP is only entitled to attorney fees incurred in filing and defending the motion to disqualify. As currently submitted, I cannot determine which of UCP's time entries correspond solely with those efforts. Accordingly, within seven days of the date of this Order, UCP's counsel should file a declaration identifying these specific fees, itemized by attorney, time spent, and hourly rate sought. Balsam may, if it wishes, file a response within seven days addressing the reasonableness of the requested fees. The matter will then be submitted.

### D. Fees on Fees

Following the completion of briefing on its motion for fees, UCP filed an administrative motion to supplement the record to add a request to recover the attorney fees that it incurred filing its motion for fees. Dkt. No. 144. Balsam did not oppose the filing of that motion, but did preserve its argument that no fees should be awarded and its objections to the reasonableness of the fees sought. *Id*. at 2. UCP's motion to supplement the record is GRANTED. However, as UCP's motion for fees has only been successful to a limited extent, when submitting the additional declaration identified above, UCP shall file a brief not exceeding three pages addressing why it is nonetheless entitled to some portion of its "fees on fees." Balsam may file a response, not exceeding three pages within seven days after UCP's filing. No reply or further briefing will be allowed, absent further order.

## CONCLUSION

For the reasons discussed above, UCP's motion for attorney fees is GRANTED IN PART

and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: June 12, 2018

William H. Orrick
United States District Judge